IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEMAL DAVID LEWIS,                )
                                  )
            Plaintiff(s),          )        No. C 06-0074 TEH (PR)
                                  )
      vs.                          )        ORDER OF DISMISSAL
                                  )
DR. BABIENCO,                      )        (Doc # 2)
                                  )
            Defendant(s).          )
_____    )

        Plaintiff, a prisoner at the Correctional Training Facility in Soledad,
California, has filed a pro se complaint for damages under 42 U.S.C. § 1983
claiming that prison dentist Dr. Babienco was deliberately indifferent to his
dental needs.  Plaintiff specifically alleges that he saw Dr. Babienco on May 16,
2005 due to pain and slight swelling of his gumline.  Babienco took x-rays and
determined that plaintiff's gumline had become infected by two decaying teeth
that had to be removed.  Plaintiff was scheduled for oral surgery on May 18,
2005.  But because plaintiff was not allowed to leave his housing unit until
custody count was completed at 12:50 p.m., plaintiff arrived at his scheduled
12:30 p.m. appointment 45 minutes late and was told that surgery could not be
performed that day.

        Plaintiff returned to the dental clinic on May 20 and was seen by Dr.
Repasky.  Repasky prescribed ibuprofen and issued plaintiff a pass to return to
the dental clinic on May 23, 2005 to have the decayed teeth removed.

Plaintiff returned to the dental clinic on the morning of May 23, but was informed that Babienco would not perform the surgery that day.  Plaintiff was advised that because he had missed his first scheduled surgery appointment he was required to initiate the inmate health care request procedure for a new dental surgery appointment.

Plaintiff submitted a health care request for a new dental surgery appointment on the morning of May 24 and oral surgery was scheduled for, and performed on, the next day.

Plaintiff claims that Babienco unnecessarily delayed his oral surgery "based upon the conflicting policies of custody staff and medical staff."

Plaintiff seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.      Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

/

2

B.    <u>Legal Claims</u>

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  <u>See Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds by WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  Neither negligence nor gross negligence is actionable under § 1983 in the prison context.  <u>See id.</u> at 835-36 & n.4; <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

Although regrettable, plaintiff's allegations must be dismissed because they do not amount to more than a claim for negligence or gross negligence not cognizable under § 1983.  <u>See, e.g.</u>, <u>Frost v. Agnos</u>, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 617 (9th Cir. 1990) (finding that isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).  Babienco's adherence to policy cannot be said to have amounted to deliberate indifference because the medical records made clear that plaintiff had been prescribed pain medication and therefore could reasonably wait a few more days to have his decayed teeth removed.  Not surprisingly, plaintiff had oral surgery two days thereafter. Plaintiff's medical malpractice claim may be cognizable in state court, but not here.  <u>See</u> <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060-61 (9th Cir. 2004)

3

**CONCLUSION**

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.  No fee is due.


SO ORDERED.



DATED:  01/17/06                          _____
                                          THELTON E. HENDERSON
                                          United States District Judge

4